Morgan Ricketts (Bar No. 268892)
**RICKETTS & YANG**
540 El Dorado Street #202
Pasadena CA 91101
Telephone: (213) 995-3935
Facsimile: (213) 995-3963
Email: morgan@rickettsandyang.com
Attorneys for Plaintiff Patricia Beers

**MICHAEL N. FEUER,** City Attorney - SBN 111529
**THOMAS H. PETERS,** Chief Assistant City Attorney – SBN 163388
**CORY M. BRENTE,** Assistant City Attorney – SBN 115453
**SUREKHA A. PESSIS,** Deputy City Attorney – SBN 193206
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-7036
Fax No.: (213) 978-8785
Email: Surekha.Pessis@lacity.org
*Attorneys for Defendants,* **CITY OF LOS ANGELES, CHARLIE BECK, JEFF BERT, AND KURT GARCIA**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BEERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF LOS ANGELES, a municipal entity; LOS ANGELES CHIEF OF POLICE CHARLIE BECK, COMMANDER ANDREW SMITH, CAPTAIN JEFF BERT, OFFICER GARCIA (#33024), and DOES 1-20, inclusive,<br><br>　　　　Defendants. | Case No.: CV-16-8781 JAK (GJS)<br><br>*Hon. John A. Kronstadt*<br>*Magistrate Judge Gail J. Standish*<br><br>**JOINT REPORT OF RULE 26(f) CONFERENCE AND DISCOVERY PLAN**<br><br>Date: April 17, 2017<br>Time: 1:30 p.m.<br>Dept: 10B |

1

JOINT 26(f) REPORT

Pursuant to this Court's March 3, 2017 Scheduling Order and Rule 26(f) of the Federal Rules of Civil Procedure, the parties conducted a Rule 26(f) telephone conference on March 16, 2017. In attendance were: Morgan Ricketts of Ricketts & Yang, representing Plaintiff Patricia Beers and Surekha Pessis of the Los Angeles City Attorney's Office, representing Defendants City of Los Angeles, Los Angeles Police Chief Charlie Beck, and Los Angeles Police Officer Garcia (#33024) (collectively, "Defendants"). Due to a misunderstanding about service, defense counsel was not aware until after the meeting that Defendants Los Angeles Police Department Commander Andrew Smith and Los Angeles Police Captain Jeff Bert had also been served. The City Attorney's Office has filed Answers for Defendants City, Chief Beck (official capacity only), Jeffrey Bert and Kurt Garcia. Defense counsel anticipates filing a responsive pleading for retired LAPD commander Andy Smith, unless he is dismissed.

**Statement of the Case**

Plaintiff's Statement:

Plaintiff Patricia Beers was one of many individuals who attended a protest in downtown Los Angeles on November 26, 2014, following the announcement of the Ferguson grand jury's decision not to indict Darren Wilson, the police officer who shot and killed Michael Brown. Approximately 130 of those protesters kettled and unlawfully arrested and searched that evening without a valid police order to disperse. California Penal Code § 853.6 requires law enforcement to release misdemeanor

violators on their own recognizance before or immediately after booking, unless individualized probable cause exists to believe that one or more exceptions to the statute applies.  Plaintiff was not released on her own recognizance for an extended period of time after booking, despite the Los Angeles Police Department failing to make an individualized assessment of criminal liability to which Plaintiff was entitled.  Later, Plaintiff was one of only three of the original 130 protesters who were charged with a crime.  Plaintiff also happened to be one of very few journalists on the scene.  The other known journalist who was arrested at the scene, Jasmyne Cannick, was also charged with a crime, which was later dismissed on the day of trial.  Plaintiff claims violations of her First Amendment right to free speech and to petition the government for redress of grievances and to be free of retaliatory prosecution; her Fourth Amendment right to be free of unreasonable search and unlawful arrests and false imprisonment and malicious prosecution; and her Fourteenth Amendment rights to due process in the form of freedom from selective prosecution and the right to exculpatory information in the possession of prosecutors and/or the arresting agency.

Defense Statement:

Defendants contend that Plaintiff was lawfully arrested following the issuance of two (2) dispersal orders.  Defendants assert that Plaintiff's arrest was lawful, and that the prosecutor exercised independent judgment in filing charges against Plaintiff.

3

## Jurisdiction

All six of Plaintiff's claims arise under 42 U.S.C. § 1983, giving rise to federal question jurisdiction.  This court has jurisdiction pursuant to 28 U.S.C. § 1331.

## Legal Issues

The key legal issues will be:

- Whether Plaintiff was lawfully arrested and subsequently incarcerated and prosecuted;

- whether the City selectively prosecuted Plaintiff based on her exercise of her First Amendment rights;

- whether documents in the City's possession but not turned over to Plaintiff's criminal defense counsel were "exculpatory" thus requiring their disclosure pursuant to *Brady v. Maryland*;

- whether one or more of the individual Defendants are entitled to qualified immunity.

## Parties, and Non-Party Witnesses

Parties:

Plaintiff Patricia Beers

Defendant Chief Charlie Beck

Defendant Commander Andrew Smith

Defendant Captain Jeff Bert

4

      Defendant Detective Kurt Garcia (#33024)

Non-party Witnesses:

      Deputy City Attorney Jennifer Waxler

Additional non-party witnesses may be discovered.

      Defendants have requested a dismissal as to Defendant Smith, asserting that he is not a proper party because he was not a field commander on the date of the incident.

## Damages

      Damages are estimated to be in the range of $0-$500,000.  This estimate is dependent on no major new facts or documents being discovered.

## Insurance

      The City is self-insured pursuant to statute.

## Motions

      Plaintiff anticipates adding additional defendants as discovery demonstrates who was involved in the decision to prosecute her, but other than that the parties do not see a likelihood of amending pleadings or moving to transfer venue.

      Defendants anticipate filing the following motions: a motion to dismiss as to Chief Beck, who is sued in his official capacity only; a motion for summary judgment as to all remaining Defendants and as to all claims, but especially as to Kurt Garcia and Andy Smith.

### Manual for Complex Litigation

The parties agree this does not apply.

### Status of Discovery

Plaintiff has issued Requests for Production to all Defendants and Special Interrogatories to Defendant City of Los Angeles, and initial responses have been provided. Defendants have produced a number of videos and a limited number of other documents.

The parties have completed their initial disclosures. Defendants have served written discovery to Plaintiff. Plaintiff has produced over 600 pages of documents.

### Discovery Plan

Discovery will be needed on the events of November 26, 2014, Plaintiff's booking and incarceration, the LAPD's process for presenting cases to the City Attorney for criminal filings, the City's process for filing or rejecting charges, and the communications between the two agencies relating to Plaintiff. Electronic discovery may be needed as to the creation, edit, and/or print dates of any electronic documents that fall into this category. Discovery should be fairly simple, assuming the parties can work together effectively, and need not be limited in any way at this time. Discovery phases likewise are not necessary.

Plaintiff anticipates she will have to depose at least one and up to three City Attorneys: the attorney who filed the charge (unknown to Plaintiff at this time), the attorney who tried the case (non-party witness Jennifer Waxler), and any attorney who

issued directives or guidance to the aforementioned attorneys relating to Plaintiff's charges (unknown to Plaintiff at this time).

Plaintiff will also have to depose at least the four individual named Defendants as to the policies, procedures, and any directives or other guidance provided to Defendant Officer Garcia, who presented Plaintiff's case for filing. However, because this case is related to the *Chua* class action, many of Plaintiff's claims and factual contentions overlap with the class. Since the class will be conducting much of the same discovery needed by Plaintiff, Plaintiff will endeavor to coordinate with the class and avoid the need for repetitive depositions, particularly since two of the Defendants are sitting police chiefs and likely face a number of demands on their time; instead, Plaintiff will attempt to ask any questions specific to Plaintiff at the conclusion of the class' questions at deposition.

Defense counsel is not handling the Chua action and cannot speak to whether any depositions are currently scheduled to take place. More importantly, defense counsel is concerned that the parties will need additional time to complete non-expert discovery due to scheduling issues such as other trial dates and vacations of defense counsel, defendants, and witnesses.

Defense counsel wishes to identify the following scheduling issues which are specific to her schedule and her clients:

        May 30, 2017: Trial before Judge Klausner
        6/16/17-7/2/17:  Vacation

          7/17/17-7/31/17: Vacation

          9/18/17-State court trial which may last three to four weeks

          10/23/17-State court trial which may last two weeks

          11/14/17-Trial before Judge Gee

          December: At least one key defense witness will be on vacation between December 10 and December 23, 2017. Another key witness will be on vacation during the entire month of August and from December 18, 2017 to December 26, 2017. LAPD Officers' vacations are generally set during late November to early December of each calendar year. As such, Defendants are requesting the trial date of February 19, 2015.

    Further, one of the Defendants' witnesses will be on vacation from June 11, 2017 to July 8, 2017. Two other defense witnesses will be on vacation for the entire month of July of 2017.

    Plaintiff anticipates issuing additional written discovery depending on the documents disclosed by Defendants.

    Plaintiff requests that the limitation of 25 Special Interrogatories be raised to 50 in light of the occasionally complex record-producing and record-keeping practices of the City and Police Department. It may become necessary to have greater certainty as to what types of documents would normally be created, by who, and where stored, and requiring Plaintiff to depose the person most qualified to gain this information would be a waste of resources and possibly require a great number of individuals to be so designated.

8

JOINT 26(f) REPORT

Defendants opposes any expansion of the number of interrogatories for this case as Plaintiff has sued several defendants.

### Discovery Cut-Off

The parties propose September 15, 2017 as the discovery cut-off date due to the scheduling issues discussed above.

### Expert Discovery

Plaintiff proposes September 15, 2017 as the deadline for initial expert disclosures and September 29, 2017 for rebuttal disclosures with October 20, 2017 as the expert discovery cut-off; defense proposes August 21, 2017 for initial expert disclosures and September 15, 2017 as the deadline for rebuttal expert disclosures, with October 6, 2017 as the expert discovery cut-off.  These later dates are proposed due to the scheduling conflicts discussed above.

### Dispositive Motions

The parties anticipate that certain issues may be determined by a Motion for Summary Judgment or a Motion in Limine, including qualified immunity.

### Settlement

The parties have discussed the possibility of settlement and Defendants are not currently authorized to make an offer.  The parties agree to ADR Procedure # 2 (appearance before a neutral selected from the Court's Mediation Panel).  Both parties would agree to Richard Copeland.

## Trial Estimates

The parties anticipate a trial of four days. Plaintiff anticipates calling 5-6 witnesses. Defendant anticipates calling the witnesses they have disclosed.

## Trial Counsel

Morgan Ricketts will try the case for Plaintiff and Surekha Pessis will try the case for Defendant.

## Independent Expert or Master

This is not a case that requires an independent expert or master.

## Timetable

The parties have completed the timetable and attach it to the Joint Report.

## Other Issues

The parties anticipate no other major issues at this time.

## Patent Cases

This is not a patent case.

## Magistrate Judge

The parties are not willing to consent to a magistrate judge overseeing the entire action.

DATED: April 7, 2017

By: /s Morgan Ricketts
    Morgan Ricketts
    Attorneys for Plaintiff Patricia Beers

1  DATED: April 7, 2017

2                              By:    /s_____
3                                     Surekha Pessis, Deputy City Attorney
4                                     Attorneys for Defendants

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

**EXHIBIT A - SCHEDULE OF PRETRIAL AND TRIAL DATES FOR CIVIL CASES**

| Case No.: | 2:16-cv-8781 |
|---|---|
| Case Name: | Beers v. City of Los Angeles, et al. |

| Hearings: | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| __x__ Jury Trial<br>____ Court Trial<br>*(Tuesday at 9:00 a.m.)*<br><br>Duration Estimate:<br>__4__ Days<br>____ Weeks | 2/19/2018 | 2/19/2018 | |
| Final Pretrial Conference ("FPTC") & Status Conference re Disputed Exhibits:<br>*(Monday at 3:00 p.m.: Two weeks before the trial)* | 2/5/2018 | 2/5/2018 | |

| Deadlines for Bench Trials Only: | Weeks Before FPTC | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Anticipated Ruling to be Issued by Court | Same date | | | |
| Last Date to File Objections to Direct Testimony Declarations | 2 | | | |
| Last Date to File Direct Testimony Declarations | 3 | | | |

| Proposed Motion Practice for Motions for Summary Judgment & Motions for Class Certification: | Weeks Before FPTC | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Hearing on Motion | 9/4 | 12/4/2017 | 1/8/2018 | |
| Reply to Motion | 12/8 | 11/13/2017 | 12/11/2017 | |
| Response to Motion | 13/9 | 11/6/2017 | 12/4/2017 | |
| Last day to File Motion | 16/12 | 10/16/2017 | 11/13/2017 | |

| Deadlines: | Weeks Before FPTC | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Anticipated Ruling on All Motions | 4 | 1/8/2018 | 1/8/2018 | |
| Last Date to Hear Motions *(including discovery motions)* | 8 | 12/11/2017 | 12/11/2017 | |
| Last Date to File Motions *(including discovery motions)* | 20 | 9/18/2017 | 9/18/2017 | |
| Expert Discovery Cut-Off | 20 | 9/18/2017 | 10/6/2017 | |
| Expert Disclosure (Rebuttal) | 22 | 9/4/2017 | 9/15/2017 | |
| Expert Disclosure (Initial) | 24 | 8/21/2017 | 8/21/2017 | |
| Non-Expert Discovery Cut-Off | 26 | 8/7/2017 | 9/15/2017 | |
| Last Date to Add Parties/Amend Pleadings | 32 | 6/26/2017 | Passed | |
| **Settlement Procedure Selection:** *(ADR-12 Form will be completed by Court after scheduling conference)* | | Plaintiff(s) Request | Defendant(s) Request | Court Order |
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial (Private) | | 2 | 2 | |
| Last day to conduct settlement conference/mediation | | 12/4/2017 | 12/4/2017 | |
| Notice of Settlement / Joint Report re Settlement *(10 days before PMSC)* | | 12/8/2018 | 12/8/2018 | |
| Post Mediation Status Conference: *(Monday at 1:30 pm: 14 days after the last day to conduct settlement)* | | 12/18/2017 | 12/18/2017 | |

47