**MICHAEL N. FEUER,** City Attorney - SBN 111529
**THOMAS H. PETERS,** Chief Assistant City Attorney – SBN 163388
**CORY M. BRENTE,** Assistant City Attorney – SBN 115453
**SUREKHA A. PESSIS,** Deputy City Attorney – SBN 193206
**ELIZABETH A. MITCHELL,** Deputy City Attorney – SBN 251139
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-6900
Fax No.: (213) 978-8785
Email: Elizabeth.Mitchell@lacity.org

*Attorneys for Defendants,* **CITY OF LOS ANGELES, CHARLIE BECK, KURT GARCIA, JEFFREY BERT** and **ANDREW SMITH**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BEERS, | CASE NO. CV16-08781 JAK (GJS) |
| | *Judge John A. Kronstadt, Ctrm. 10B, 1st Street* |
| | *Mag. Gail J. Standish, Ctrm. 23, Central* |
| Plaintiff, | |
| v. | **STIPULATION OF PARTIES AND STATEMENT OF GOOD CAUSE FOR PROPOSED PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION;** |
| CITY OF LOS ANGELES, a municipal entity; LOS ANGELES CITY ATTORNEY MIKE FEUER, CHIEF CHARLIE BECK, COMMANDER ANDEW SMITH, CAPTAIN JEFF BERT, and DOES 1-20, inclusive, | **[PROPOSED ORDER]** |
| Defendants. | |

**TO THE HONORABLE COURT:**

**1.  A.  BACKGROUND**

Plaintiff was arrested along with several other persons on November 26, 2014 during what has been referred to as the (Fergerson Protests.)  Plaintiff asserts various constitutional claims against the Defendants.

/ / /

1

## B.   PURPOSES AND LIMITATIONS

Discovery is ongoing in this action. Plaintiff has sought the production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## C.   GOOD CAUSE STATEMENT

Plaintiff is seeking materials and information that Defendant City of Los Angeles ("City") maintains as confidential, including but not limited to the overtime request of a named Defendant, the Event Action Plan for the incident at issue and the related Internal Affairs materials and information, currently in the possession of the City and which the City believes need special protection from public disclosure (due to its confidential nature) and from use for any purpose other than prosecuting this litigation. The City has agreed to produce the related Internal Affairs investigation provided the investigation is completed and deemed 'closed' during the pendency of this action. It is currently unknown to defense counsel when said investigation will be completed and deemed 'closed' by the LAPD's Internal Affairs Group. In agreeing to produce the related Internal Affairs investigation, Plaintiff will also be permitted by the City to purchase duplicates of any recorded statement taken by the LAPD in relation thereto. The cost of each CD-Rom is $10.00. Payment must be made payable to 'LAPD.'

The City asserts that the confidentiality of the materials and information sought by Plaintiff is recognized by California and federal law, as evidenced *inter alia* by California Penal Code section 832.7 and *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976). Furthermore, he City has not publicly released the materials and information referenced above except under protective order or

2

1 | pursuant to court order, if at all. Therefore, the City contends that absent a protective order
2 | delineating the responsibilities of nondisclosure on the part of the parties hereto, there is
3 | a specific risk of unnecessary and undue disclosure by one or more of the many attorneys,
4 | secretaries, law clerks, paralegals and expert witnesses involved in this case. Thus, the
5 | City contends that unfettered disclosure of the materials and information, absent a
6 | protective order, would impact the rights of the City herein to receive a fair trial.

7 |      Accordingly, to expedite the flow of information, to facilitate the prompt resolution
8 | of disputes over confidentiality of discovery materials, to adequately protect information
9 | the parties are entitled to keep confidential, to ensure that the parties are permitted
10 | reasonable necessary uses of such material in preparation for and in the conduct of trial,
11 | to address their handling at the end of the litigation, and serve the ends of justice, a
12 | protective order for such information is justified in this matter. It is the intent of the parties
13 | that information will not be designated as confidential for tactical reasons and that nothing
14 | be so designated without a good faith belief that it has been maintained in a confidential,
15 | non-public manner, and there is good cause why it should not be part of the public record
16 | of this case.

17 |     **D.**   **ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER**
18 |          **SEAL**

19 |      The parties further acknowledge, as set forth in Section 12.3, below, that this
20 | Stipulated Protective Order does not entitle them to file confidential information under
21 | seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the
22 | standards that will be applied when a party seeks permission from the court to file material
23 | under seal.

24 |      There is a strong presumption that the public has a right of access to judicial
25 | proceedings and records in civil cases. In connection with non-dispositive motions, good
26 | cause must be shown to support a filing under seal. *See Kamakana v. City and County of*
27 | *Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d
28 | 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577

1   (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a
2   specific showing of good cause or compelling reasons with proper evidentiary support and
3   legal justification, must be made with respect to Protected Material that a party seeks to
4   file under seal. The parties' mere designation of Disclosure or Discovery Material as
5   CONFIDENTIAL does not—without the submission of competent evidence by
6   declaration, establishing that the material sought to be filed under seal qualifies as
7   confidential, privileged, or otherwise protectable—constitute good cause. Further, if a
8   party requests sealing related to a dispositive motion or trial, then compelling reasons, not
9   only good cause, for the sealing must be shown, and the relief sought shall be narrowly
10  tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors*
11  *Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information,
12  document, or thing sought to be filed or introduced under seal in connection with a
13  dispositive motion or trial, the party seeking protection must articulate compelling
14  reasons, supported by specific facts and legal justification, for the requested sealing order.
15  Again, competent evidence supporting the application to file documents under seal must
16  be provided by declaration.

17      Any document that is not confidential, privileged, or otherwise protectable in its
18  entirety will not be filed under seal if the confidential portions can be redacted. If
19  documents can be redacted, then a redacted version for public viewing, omitting only the
20  confidential, privileged, or otherwise protectable portions of the document, shall be filed.
21  Any application that seeks to file documents under seal in their entirety should include an
22  explanation of why redaction is not feasible.

23  **2.    DEFINITIONS**

24      2.1    Action: this pending federal lawsuit.

25      2.2    Challenging Party: a Party or Non-Party that challenges the designation of
26  information or items under this Order.

27      2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it
28  is generated, stored or maintained) or tangible things that qualify for protection under

4

1   Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause
2   Statement.

3       2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their
4   support staff).

5       2.5     Designating Party: a Party or Non-Party that designates information or items
6   that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

7       2.6     Disclosure or Discovery Material: all items or information, regardless of the
8   medium or manner in which it is generated, stored, or maintained (including, among other
9   things, testimony, transcripts, and tangible things), that are produced or generated in
10  disclosures or responses to discovery in this matter.

11      2.7     Expert: a person with specialized knowledge or experience in a matter
12  pertinent to the litigation who has been retained by a Party or its counsel to serve as an
13  expert witness or as a consultant in this Action.

14      2.8     House Counsel: attorneys who are employees of a party to this Action.  House
15  Counsel does not include Outside Counsel of Record or any other outside counsel.

16      2.9     Non-Party: any natural person, partnership, corporation, association or other
17  legal entity not named as a Party to this action.

18      2.10    Outside Counsel of Record: attorneys who are not employees of a party to
19  this Action but are retained to represent or advise a party to this Action and have appeared
20  in this Action on behalf of that party or are affiliated with a law firm that has appeared on
21  behalf of that party, and includes support staff.

22      2.11    Party: any party to this Action, including all of its officers, directors,
23  employees, consultants, retained experts, and Outside Counsel of Record (and their
24  support staffs).

25      2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery
26  Material in this Action.

27      2.13    Professional Vendors: persons or entities that provide litigation support
28  services   (e.g.,   photocopying,   videotaping,   translating,   preparing   exhibits   or

1 | demonstrations, and organizing, storing, or retrieving data in any form or medium) and
2 | their employees and subcontractors.

3 |     2.14  Protected Material: any Disclosure or Discovery Material that is designated
4 | as "CONFIDENTIAL."

5 |     2.15  Receiving Party: a Party that receives Disclosure or Discovery Material from
6 | a Producing Party.

7 | **3.**    **SCOPE**

8 |     The protections conferred by this Stipulation and Order cover not only Protected
9 | Material (as defined above), but also (1) any information copied or extracted from
10 | Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected
11 | Material; and (3) any testimony, conversations, or presentations by Parties or their
12 | Counsel that might reveal Protected Material.

13 |     Any use of Protected Material at trial shall be governed by the orders of the trial
14 | judge. This Order does not govern the use of Protected Material at trial.

15 | **4.**    **DURATION**

16 |     Once a case proceeds to trial, information that was designated as CONFIDENTIAL
17 | or maintained pursuant to this protective order used or introduced as an exhibit at trial
18 | becomes public and will be presumptively available to all members of the public,
19 | including the press, unless compelling reasons supported by specific factual findings to
20 | proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447
21 | F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in
22 | discovery from "compelling reasons" standard when merits-related documents are part of
23 | court record). Accordingly, the terms of this protective order do not extend beyond the
24 | commencement of the trial.

25 | **5.**    **DESIGNATING PROTECTED MATERIAL**

26 |     5.1  Exercise of Restraint and Care in Designating Material for Protection.
27 | Each Party or Non-Party that designates information or items for protection under this
28 | Order must take care to limit any such designation to specific material that qualifies under

6

1  the appropriate standards. The Designating Party must designate for protection only those
2  parts of material, documents, items or oral or written communications that qualify so that
3  other portions of the material, documents, items or communications for which protection
4  is not warranted are not swept unjustifiably within the ambit of this Order.

5      Mass, indiscriminate or routinized designations are prohibited. Designations that
6  are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,
7  to unnecessarily encumber the case development process or to impose unnecessary
8  expenses and burdens on other parties) may expose the Designating Party to sanctions.

9      If it comes to a Designating Party's attention that information or items that it
10  designated for protection do not qualify for protection, that Designating Party must
11  promptly notify all other Parties that it is withdrawing the inapplicable designation.

12      5.2   Manner and Timing of Designations. Except as otherwise provided in this
13  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or
14  ordered, Disclosure or Discovery Material that qualifies for protection under this Order
15  must be clearly so designated before the material is disclosed or produced.

16      Designation in conformity with this Order requires:

17      (a)    for information in documentary form (e.g., paper or electronic documents,
18  but excluding transcripts of depositions or other pretrial or trial proceedings), that the
19  Producing Party affix at a minimum, the legend "CONFIDENTIAL – SUBJECT TO
20  PROTECTIVE ORDER" (hereinafter "CONFIDENTIAL legend"), to each page that
21  contains protected material. If only a portion of the material on a page qualifies for
22  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by
23  making appropriate markings in the margins).

24      A Party or Non-Party that makes original documents available for inspection need
25  not designate them for protection until after the inspecting Party has indicated which
26  documents it would like copied and produced. During the inspection and before the
27  designation, all of the material made available for inspection shall be deemed
28  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

7

1  copied and produced, the Producing Party must determine which documents, or portions
2  thereof, qualify for protection under this Order. Then, before producing the specified
3  documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page
4  that contains Protected Material. If only a portion of the material on a page qualifies for
5  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by
6  making appropriate markings in the margins).

7  (b)  for testimony given in depositions that the Designating Party identifies the
8  Disclosure or Discovery Material on the record, before the close of the deposition all
9  protected testimony.

10  (c)  for information produced in some form other than documentary and for any
11  other tangible items, that the Producing Party affix in a prominent place on the exterior of
12  the  container  or.  containers  in  which  the  information  is  stored  the  legend
13  "CONFIDENTIAL." If only a portion or portions of the information warrants protection,
14  the Producing Party, to the extent practicable, shall identify the protected portion(s).

15  5.3  Inadvertent Failures to Designate. If timely corrected, an inadvertent failure
16  to designate qualified information or items does not, standing alone, waive the
17  Designating Party's right to secure protection under this Order for such material.  Upon
18  timely correction of a designation, the Receiving Party must make reasonable efforts to
19  assure that the material is treated in accordance with the provisions of this Order.

20  **6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

21  6.1  Timing of Challenges. Any Party or Non-Party may challenge a designation
22  of confidentiality at any time that is consistent with the Court's Scheduling Order.

23  6.2  Meet and Confer. The Challenging Party shall initiate the dispute resolution
24  process under Local Rule 37-1 et seq.

25  6.3  Joint Stipulation. Any challenge submitted to the Court shall be via a joint
26  stipulation pursuant to Local Rule 37-2.

27  6.4  The burden of persuasion in any such challenge proceeding shall be on the
28  Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to

8

1  harass or impose unnecessary expenses and burdens on other parties) may expose the
2  Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the
3  confidentiality designation, all parties shall continue to afford the material in question the
4  level of protection to which it is entitled under the Producing Party's designation until the
5  Court rules on the challenge.

6  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7      7.1    Basic Principles. A Receiving Party may use Protected Material that is
8  disclosed or produced by another Party or by a Non-Party in connection with this Action
9  only for prosecuting, defending or attempting to settle this Action. Such Protected
10 Material may be disclosed only to the categories of persons and under the conditions
11 described in this Order. When the Action has been terminated, a Receiving Party must
12 comply with the provisions of section 13 below (FINAL DISPOSITION).

13     Protected Material must be stored and maintained by a Receiving Party at a location
14 and in a secure manner that ensures that access is limited to the persons authorized under
15 this Order.

16     7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
17 ordered by the court or permitted in writing by the Designating Party, a Receiving Party
18 may disclose any information or item designated "CONFIDENTIAL" only to:

19     (a)    the Receiving Party's Outside Counsel of Record in this Action, as well as
20 employees of said Outside Counsel of Record to whom it is reasonably necessary to
21 disclose the information for this Action;

22     (b)    the officers, directors, and employees (including House Counsel) of the
23 Receiving Party to whom disclosure is reasonably necessary for this Action;

24     (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure
25 is reasonably necessary for this Action and who have signed the "Acknowledgment and
26 Agreement to Be Bound" (Exhibit A);

27     (d)    the court and its personnel;

28     (e)    court reporters and their staff;

9

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

10

1       (c)     cooperate with respect to all reasonable procedures sought to be pursued by
2 the Designating Party whose Protected Material may be affected.

3       If the Designating Party timely seeks a protective order, the Party served with the
4 subpoena or court order shall not produce any information designated in this action as
5 "CONFIDENTIAL" before a determination by the court from which the subpoena or order
6 issued, unless the Party has obtained the Designating Party's permission. The Designating
7 Party shall bear the burden and expense of seeking protection in that court of its
8 confidential material and nothing in these provisions should be construed as authorizing
9 or encouraging a Receiving Party in this Action to disobey a lawful directive from another
10 court.

11 **9.**    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
12       **PRODUCED IN THIS LITIGATION**

13       (a)     The terms of this Order are applicable to information produced by a Non-
14 Party in this Action and designated as "CONFIDENTIAL." Such information produced
15 by Non-Parties in connection with this litigation is protected by the remedies and relief
16 provided by this Order. Nothing in these provisions should be construed as prohibiting a
17 Non-Party from seeking additional protections.

18       (b)     In the event that a Party is required, by a valid discovery request, to produce
19 a Non-Party's confidential information in its possession, and the Party is subject to an
20 agreement with the Non-Party not to produce the Non-Party's confidential information,
21 then the Party shall:

22       (1)     promptly notify in writing the Requesting Party and the Non-Party that
23 some or all of the information requested is subject to a confidentiality agreement with a
24 Non-Party;

25       (2)     promptly provide the Non-Party with a copy of the Stipulated
26 Protective Order in this Action, the relevant discovery request(s), and a reasonably
27 specific description of the information requested; and

28

11

1          (3)     make the information requested available for inspection by the Non-
2    Party, if requested.

3          (c)     If the Non-Party fails to seek a protective order from this court within 14 days
4    of receiving the notice and accompanying information, the Receiving Party may produce
5    the Non-Party's confidential information responsive to the discovery request. If the Non-
6    Party timely seeks a protective order, the Receiving Party shall not produce any
7    information in its possession or control that is subject to the confidentiality agreement
8    with the Non-Party before a determination by the court.  Absent a court order to the
9    contrary, the Non-Party shall bear the burden and expense of seeking protection in this
10   court of its Protected Material.

11   **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
13   Protected Material to any person or in any circumstance not authorized under this
14   Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing
15   the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve
16   all unauthorized copies of the Protected Material, (c) inform the person or persons to
17   whom unauthorized disclosures were made of all the terms of this Order, and (d) request
18   such person or persons to execute the "Acknowledgment and Agreement to Be Bound"
19   that is attached hereto as Exhibit A.

20   **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
21   **        PROTECTED MATERIAL**

22          When a Producing Party gives notice to Receiving Parties that certain inadvertently
23   produced material is subject to a claim of privilege or other protection, the obligations of
24   the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).
25   This provision is not intended to modify whatever procedure may be established in an e-
26   discovery order that provides for production without prior privilege review. Pursuant to
27   Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the
28   effect of disclosure of a communication or information covered by the attorney-client

1 privilege or work product protection, the parties may incorporate their agreement in the
2 stipulated protective order submitted to the court.

3 **12.    MISCELLANEOUS**

4          12.1   Right to Further Relief. Nothing in this Order abridges the right of any person
5 to seek its modification by the Court in the future.

6          12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective
7 Order, no Party waives any right it otherwise would have to object to disclosing or
8 producing any information or item on any ground not addressed in this Stipulated
9 Protective Order. Similarly, no Party waives any right to object on any ground to use in
10 evidence of any of the material covered by this Protective Order.

11         12.3   Filing Protected Material. A Party that seeks to file under seal any Protected
12 Material must comply with Local Civil Rule 79-5. Protected Material may only be filed
13 under seal pursuant to a court order authorizing the sealing of the specific Protected
14 Material at issue. If a Party's request to file Protected Material under seal is denied by the
15 court, then the Receiving Party may file the information in the public record unless
16 otherwise instructed by the court.

17 **13.    FINAL DISPOSITION**

18         After the final disposition of this Action, as defined in paragraph 4, within 60 days
19 of a written request by the Designating Party, each Receiving Party must return all
20 Protected Material to the Producing Party or destroy such material. As used in this
21 subdivision, "all Protected Material" includes all copies, abstracts, compilations,
22 summaries, and any other format reproducing or capturing any of the Protected Material.
23 Whether the Protected Material is returned or destroyed, the Receiving Party must submit
24 a written certification to the Producing Party (and, if not the same person or entity, to the
25 Designating Party) by the 60 day deadline that (1) identifies (by category, where
26 appropriate) all the Protected Material that was returned or destroyed and (2) affirms that
27 the Receiving Party has not retained any copies, abstracts, compilations, summaries or any
28 other format reproducing or capturing any of the Protected Material. Notwithstanding this

13

1  provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers,

2  trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition

3  and trial exhibits, expert reports, attorney work product, and consultant and expert work

4  product, even if such materials contain Protected Material. Any such archival copies that

5  contain or constitute Protected Material remain subject to this Protective Order as set forth

6  in Section 4 (DURATION).

7  **14.   VIOLATION**

8      Any violation of this Order may be punished by appropriate measures including,

9  without limitation, contempt proceedings and/or monetary sanctions.

10

11  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

12  Dated: May 15, 2017          **MICHAEL N. FEUER**, City Attorney
                                 **THOMAS H. PETERS,** Chief Assistant City Attorney
13                               **CORY M. BRENTE**, Assistant City Attorney

14
                                 By: _____*/S/ Surekha A. Pessis*_____
15                                   **SUREKHA A. PESSIS**, Deputy City Attorney
                                 *Attorneys for Defendants* **CITY OF LOS ANGELES,**
16                               **CHARLIE BECK , KURT GARCIA, JEFFREY**
                                 **BERT** and **ANDREW SMITH**
17

18  Dated: May 15, 2017          **LAW OFFICES OF RICKETTS & YANG**

19

20                               By: _____*/S/ Morgan E. Ricketts*_____
                                       **MORGAN E. RICKETTS**
21
                                 *Attorneys for Plaintiff* **PATRICIA BEERS**
22

23

24

25

26

27

28

14

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Patricia Beers v. City of Los Angeles, et al.*, CV16-08781 JAK (GJS). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

City and State where sworn and signed: _____

Dated: _____        Printed name: _____

                                   Signature: _____

15